**Filed: 8/31/2023 2:57 PM**
**Clerk**
**St. Joseph County, Indiana**

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| **STATE OF INDIANA** | § | **IN THE** |
| | § | **ST. JOSEPH CIRCUIT COURT** |
| **COUNTY OF ST. JOSEPH** | § | **CAUSE NO.** 71D04-2308-PL-000238 |

| | |
|---|---|
| YONGGANG LI,<br><br>Plaintiff,<br><br>v.<br><br>LONGVIEW CAPITAL HOLDINGS, LLC; LONGVIEW CAPITAL SVH, LLC; LONGVIEW CAPITAL SVH GP LLC; and SOUTH BEND HOMES LLC,<br><br>Defendants. | **VERIFIED COMPLAINT INCLUDING REQUEST FOR TEMPORARY INJUNCTIVE RELIEF, REQUEST FOR PRE-JUDGMENT ATTACHMENT, REQUEST FOR APPOINTMENT OF RECEIVER, & JURY TRIAL DEMAND** |

## VERIFIED COMPLAINT

COMES NOW Plaintiff, Yonggang Li ("**Plaintiff**"), by and through his attorneys of record, Spencer Fane LLP, and for his Complaint against Longview Capital Holdings, LLC; Longview Capital SVH, LLC; Longview Capital SVH GP LLC; and South Bend Homes LLC (hereafter collectively the "**Defendants**") hereby states and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for temporary injunctive relief, compensatory and punitive relief against the Defendants.

2. Defendant Longview Capital Holdings, LLC ("**Defendant LCH**") is the borrower for a loan on which Plaintiff is the lender.

3. The Defendants collectively are the family holding companies for non-party James Fu Bin Lu ("**Lu**"). Lu is a prominent Chinese-American businessman purporting to have

investments spanning the globe. Lu is the current Chairman of the online LGBTQ dating platform, Grindr.

4. Defendant LCH, through South Bend Homes LLC, among other things, owns and operates housing and apartment complexes across the United States, primarily in what Defendant LCH refers to as "2nd and 3rd tier cities" *See* http://www.longviewcapital.org/our-story, last accessed July 19, 2023.

5. This lawsuit is brought, in part, to attach to – and secure – those real property assets and related rents and cash as collateral for Plaintiff.

6. As set forth in more detail below, by the terms of the loan between Plaintiff and Defendant LCH, Defendant LCH borrowed over 198,000,000 Renminbi, Renminbi being the official currency of China, which is approximately Thirty Million United States Dollars ($30,000,000).

7. Since the loan was made by Plaintiff, Defendant LCH only ever made one payment for approximately five million USD ($5,000,000). That payment was applied towards interest only, and the entire principal amount, plus any other accrued interest, remains outstanding, despite repeated amendments, restatements, and a settlement agreement governing the terms of repayment by Defendant LCH.

8. Upon information and belief, Defendant LCH has never intended to make any payment to Plaintiff. Rather, Defendant LCH used a series of misrepresentations regarding its own ability to pay and the liquidity of its assets to buy time, allowing Defendant LCH to transfer and conceal assets to delay or hinder Plaintiff's effort to recover under the loan.

## PARTIES

9. Plaintiff Yonggang Li is a citizen of the People's Republic of China, a resident of Hong Kong and has a working visa for Singapore.

10. Defendant LCH is a Washington limited liability company, with a principal office address of 202 Baltimore Street, Longview Washington, 98632-1747, and a principal office mailing address of 428 East St, Ste. E, Grinnell, IA 50112-2589.

11. Defendant Longview Capital SVH, LLC ("**LCSVH**") is a Washington limited liability company with a principal office address of 428 East St, Ste. E, Grinnell, IA 50112-2589.

12. Defendant Longview Capital SVH GP, LLC ("**LCGP**") is a Washington limited liability company with a principal office address of 428 East St, Ste. E, Grinnell, IA 50112-2589.

13. Defendant South Bend Homes LLC is a Washington limited liability company with a principal office address of 202 Baltimore Street, Longview Washington, 98632-1747, and a principal office mailing address of 428 East St, Ste. E, Grinnell, IA 50112-2589 ("**South Bend**").

14. Defendant South Bend owns twenty-seven (27) properties located at the following addresses:

- 1602 N Fremont, South Bend, IN 46628;
- 1605 N Olive, South Bend, IN 46628;
- 1733 Huey, South Bend, IN 46628;
- 1601 College, South Bend, IN 46628;
- 1625 Wilbur, South Bend, IN 46628;
- 1013 Bryan, South Bend, IN 46616;
- 1125 Roosevelt, South Bend, IN 46616;
- 1509 Medora, South Bend, IN 46628;
- 1502 Medora, South Bend, IN 46628;
- 1414 Medora, South Bend, IN 46628;
- 1329 King, South Bend, IN 46616;
- 1315 N Kaley St, South Bend, IN 46628;
- 1252 Fremont, South Bend, IN 46628;
- 126 Edison, South Bend, IN 46619;
- 126 Sheridan, South Bend, IN 46619;

- 737 Edison, South Bend, IN 46619;
- 717 S Sheridan, South Bend, IN 46619;
- 509 Chicago, South Bend, IN 46619;
- 742 Falcon, South Bend, IN 46619;
- 3305 Dunham, South Bend, IN 46619;
- 446 Phillipa, South Bend, IN 46619;
- 1712 Chapin, South Bend, IN 46613;
- 1832 Nash, South Bend, IN 46613;
- 3619 Woldhaven, South Bend, IN 46614;
- 613 E Mishawaka Ave, Mishawaka, IN 46545;
- 1341 Calvert, South Bend, IN 46613; and,
- 1637 Ewing, South Bend, IN 46613.

15. The Defendants collectively have principal office mailing addresses located at 428 East Street, Suite E, Grinnell, Poweshiek County, Iowa 50112-2589, and have submitted themselves to the jurisdiction of this Court.

**JURISDICTION AND VENUE**

16. Venue is proper in St. Joseph County, Indiana pursuant to Rule 75 of the Indiana Rules of Trial Procedure.

17. This Court has jurisdiction over these proceedings pursuant to Indiana Code § 33-28-1-2. The Court further has jurisdiction because the properties subject to attachment are located within St. Joseph County, Indiana.

**FACTUAL ALLEGATIONS**

18. Plaintiff is a businessman who regularly works with various financial managers across the globe to identify investment opportunities.

19. In mid-2022, one such opportunity arose to make a loan to Defendant LCH.

20. Defendant LCH was in need of a quick infusion of funds for the purpose of a takeover of a gaming company.

21. Although Plaintiff does not usually provide loans to others, his investment advisor firm, Goldman Sachs, made the recommendation to invest with Lu and Defendant LCH. Plaintiff

was provided with a proof of funds letter from what was represented to be Lu and LCH's financial institution, Citi Bank (the "**Citi Letter**"). A true and correct copy of the Citi Letter is attached as **Exhibit 1**, and incorporated by reference. The Citi Letter stated that Mr. Lu had proof of funds exceeding $300,000,000.00 USD. *Id.*

22. On June 27, 2022, Plaintiff and Defendant LCH entered into a loan agreement (the "**Loan Agreement**"), with Plaintiff as Lender, Defendant LCH as Borrower, and Lu as Guarantor. A true and correct copy of the Loan Agreement is attached hereto as **Exhibit 2** and incorporated herein by reference.

23. Under the terms of the Loan Agreement, Plaintiff loaned Defendant LCH 198,000,000 Renminbi, which is approximately Thirty Million US Dollars ($30,000,000) (the "**Loan**").

24. Under the terms of the Loan Agreement, interest accrued as set forth therein. The Loan Agreement was intended to be a short-term loan to provide quick infusion of funds to Defendant LCH.

25. The Loan Agreement required Defendant LCH to repay the Loan in full, including accrued interest, within 3 months' time, but by no later than September 30, 2022.

26. Defendant LCH failed to repay the loan by September 30, 2022.

27. Plaintiff and Defendant LCH subsequently amended the Loan Agreement (the "**First Amendment**") to increase the interest rate to ninety percent (90%) per annum, effective September 29, 2022, and extending the repayment date until October 28, 2022. A true and correct copy of the amendment to the Loan Agreement is attached hereto as **Exhibit 3** and incorporated herein by reference.

28. Defendant LCH failed to repay the Loan by October 28, 2022 as required by the First Amendment.

29. At Defendant LCH's request, Plaintiff and Defendant LCH subsequently further amended the Loan Agreement (the "**Second Amendment**") on December 5, 2022, extending the repayment date to January 28, 2023. A true and correct copy of the amendment to the second amendment to the Loan Agreement is attached hereto as **Exhibit 4** and incorporated herein by reference.

30. Defendant LCH failed to repay the Loan by January 28, 2023, as required by the Second Amendment.

31. Plaintiff and Defendant LCH subsequently amended the terms of the original Loan Agreement twice more, extending the repayment dates to February 28, 2023, and then March 31, 2023 (respectively the "**Third Amendment**" and "**Fourth Amendment**"). True and correct copies of the Third Amendment and Fourth Amendment are attached hereto as **Exhibit 5** and **Exhibit 6**, respectively. The parties also entered into a Fifth Amendment to the loan. A true and correct copy of the Fifth Amendment is attached hereto as **Exhibit 7**.

32. LCH failed to repay the Loan on either occasion, as required by the Third and Fourth Amendments.

33. Defendant LCH defaulted under the terms of the Loan Agreement and the various amendments thereto.

34. With Defendant LCH in default, Plaintiff and Defendant LCH negotiated a settlement agreement and executed the same on May 25, 2023 (the "**Settlement Agreement**"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit 8** and incorporated herein by reference.

35. Pursuant to that Settlement Agreement, interest was set to accrue on the Loan amount at a simple rate of twenty percent (20%) *per annum*.

36. The Settlement Agreement set forth various terms and conditions, including that Defendant LCH could not engage in certain conduct so long as any amount remained due and owing under the Loan Agreement. Those conditions set forth in the Settlement Agreement included:

   a. Defendant LCH may not create or permit to subsist any mortgage, charge, pledge, lien or other security interest over any of its assets;

   b. Defendant LCH may not incur or allow any outstanding indebtedness for or in respect of moneys borrowed or amounts raised by the issue of bonds, notes or other similar financial interests; and,

   c. Defendant LCH may not sell, lease, transfer, or otherwise dispose of any assets, whether voluntary or involuntary.

37. Pursuant to the Settlement Agreement, Plaintiff is entitled to submit a dispute in connection with the Settlement Agreement to "any court of competent jurisdiction."

38. To date, only one payment was ever made under the Loan Agreement, the various amendments thereto, or the Settlement Agreement. Specifically, Plaintiff received a Five Million dollar ($5,000,000) payment on October 28, 2022. According to the terms of the Loan Agreement, this payment was applied towards the outstanding interest owed and did not cover any principal amount of the Loan.

39. According to the Settlement Agreement, all sums were due and owing to Plaintiff on June 15, 2023.

40. Defendant LCH has made no payments under the Settlement Agreement, which remains due and outstanding in full.

41. Upon information and belief, on June 19, 2023, Lu began selling his assets and dissipating his funds, by transferring funds to offshore bank accounts.

42. Moreover, at least some of Defendant LCH's properties are listed for sale, in violation of the terms of the Settlement Agreement. Upon information and belief, if Defendant LCH is able to find a purchaser, it intends to dissipate those assets/funds and conceal them from Plaintiff's efforts to collect pursuant to the Settlement Agreement.

43. Although Lu had been in contact with Plaintiff prior to executing the Settlement Agreement, as of June 15, 2023, Lu has ceased all contact with Plaintiff.

44. Defendant LCH is currently undertaking efforts to hide its assets from Plaintiff in order to avoid collection of the debt owed under the Settlement Agreement.

45. Defendants LCSVH and LCGP share a principal place of business with Defendant LCH.

46. Defendant South Bend shares a home office address and registered agent with Defendant LCSVH, Defendant LCGP, and Defendant LCH. The registered agent for all Defendants is Lu, owner and guarantor under the Loan Agreement.

47. Upon information and belief, all Defendants have common ownership with Defendant LCH.

48. Upon information and belief, Defendants LCH, LCSVH, LCGP and South Bend have commingled their business assets and operations such that each is unidentifiable from the other.

49. Following Defendants' failure to pay, Plaintiff investigated the origins of the Citi Letter, which had purported to be issued by Citibank.

50. Through that investigation, Plaintiff recently discovered that the Citi Letter was not, in fact, issued by Citibank. More specifically, on July 20, 2023, Citi Bank confirmed the letter was fraudulent. A true and correct copy of the July 20, 2023 Citi letter is attached as **Exhibit 9**. And, a true and correct of the letter sent to Citi Bank requesting information is attached as **Exhibit 10**.

51. Upon information and belief, Defendant LCH presented the Citi Letter to Plaintiff despite having the knowledge or being situated to acquire the knowledge that the Citi Letter was false and fraudulent.

52. Defendant LCH and Lu presented the Citi Letter in order to induce Plaintiff to make the loan.

**COUNT I – BREACH OF CONTRACT**

**(Against Defendant LCH)**

53. Plaintiff restates the above paragraphs as though fully set forth herein.

54. The Settlement Agreement constitutes a valid and enforceable contract between Plaintiff and Defendant LCH.

55. Pursuant to the terms of that Settlement Agreement, Defendant LCH owes to Plaintiff Thirty Million USD ($30,000,000) plus interest accrued.

56. Pursuant to the terms of that Settlement Agreement, all funds were due and payable on June 15, 2023.

57. No funds have been paid by Defendant LCH under the Settlement Agreement.

58. Defendant LCH is in breach of the Settlement Agreement.

59. Defendant LCH's breach of the Settlement Agreement has proximately caused damages to Plaintiff.

60. Plaintiff has been damaged by Defendant LCH's breach of the Settlement Agreement in an amount to be determined at trial, plus all accrued interest, and costs.

**COUNT II – FRAUD AND FRAUDULENT MISREPRESENTATION**

**(Against Defendant LCH)**

61. Plaintiff restates the above paragraphs as though fully set forth herein.

62. Pursuant to Indiana Code § 35-43-5-4, *et seq.* a person who knowingly or intentionally engages in a scheme or artifice to commit an offense…with the intent to obtain property…commits fraud.

63. Defendant LCH and Lu made numerous representations, both orally and in writing, to Plaintiff that it had sufficient assets and liquid cash to quickly repay the short-term Loan Agreement and Settlement Agreement.

64. Defendant and LCH made such representations for the purpose of inducing Plaintiff into making the Loan.

65. Defendant LCH's and Lu's ability to repay the Loan Agreement and Settlement Agreement within the prescribed terms of the Loan Agreement and Settlement Agreement were material elements of the agreements between the Parties.

66. Plaintiff relied on Lu and Defendant LCH's representations that the Loan would be short-term and quickly repaid and these representations were material to the Loan Agreement.

67. Contrary to such representations, Defendant LCH did not have liquid cash and did not have the ability to repay the Loan Agreement or Settlement Agreement within the short-term payment schedule Defendant LCH represented to Plaintiff.

68. Defendant LCH and Lu knew there was not sufficient liquid cash to repay the Loan within the time periods Defendant LCH represented. Each of Defendant LCH and Lu made this false representation to Plaintiff on several occasions, including at the time of executing the original Loan Agreement, on each occasion that Defendant LCH signed amendments to the Loan Agreement, and when Defendant LCH entered into the Settlement Agreement.

69. Defendant LCH intended that Plaintiff would rely on its representations and Plaintiff did so rely by funding the Loan to Defendant LCH.

70. Defendant LCH and Lu knew that Plaintiff was ignorant to the falsity of its representations and statements. Plaintiff justifiably relied on Defendant LCH's representations that the Loan would be repaid within the payment schedule set forth in the Loan Agreement.

71. Defendant LCH has sought additional time through extensions to the payment terms so that the Longview Defendants can transfer their assets and conceal them from Plaintiff's collection efforts.

72. Plaintiff relied on Defendant LCH's and Lu's representations in connection with each extension as well as in entering into the Settlement Agreement.

73. Defendant LCH's and Lu's false representations, omissions, and actions have caused Plaintiff damages in an amount to be determined at trial, plus all accrued interest, costs, and attorneys' fees.

**COUNT III – RECOVERY OF TREBLE DAMAGES AND ATTORNEYS' FEES & COSTS UNDER THE INDIANA CRIME VICTIMS ACT**

**(Against Defendant LCH)**

74. Plaintiff restates the above paragraphs as though fully set forth herein.

75. Defendant LCH and Lu knowingly and willfully defrauded Plaintiff by making multiple material misrepresentations both orally and in writing.

76. Plaintiff is therefore a victim pursuant to Indiana Code § 34-24-3-1 *et seq.*, and, therefore, is entitled to recover against Defendant, the remedies set forth therein, including treble damages and reasonable attorneys' fees.

77. Defendant LCH's and Lu's false representations, omissions, and actions have caused Plaintiff damages in an amount to be determined at trial, plus all accrued interest, costs, and attorneys' fees.

**COUNT IV – ALTER EGO**

**(Against Defendant LCSVH, Defendant LCGP, and Defendant South Bend)**

78. Plaintiff restates the above paragraphs as though fully set forth herein.

79. The Defendants share an identity of beneficial ownership and control.

80. Defendants LCH, LCSVH and LCGP share the same principal place of business and mailing address.

81. Defendant South Bend shares the same home office address and registered agent as Defendants LCH, LCSVH and LCGP, James Lu, owner of the Defendant entities and guarantor under the Loan Agreement.

82. The ownership of the Defendants hold out to the public that all three (3) entities are one and the same, including through a shared website.[1]

83. Upon information and belief, Lu is the beneficial owner, director, and controlling member of each of the Defendant entities.

84. Upon information and belief, the corporate form of each of the three (3) entities, has been ignored, controlled, or manipulated that each is merely the instrumentality of another.

[1] http://www.longviewcapital.org/

85. This Court may treat the Defendants as the alter-ego of each other as a result of each of the Defendants' shared assets, ownership, and commingled business operations.

**COUNT V - FRAUDULENT TRANSFER**

**(Against All Defendants)**

86. Plaintiff restates the above paragraphs as though fully set forth herein.

87. The Defendants currently owe a debt to Plaintiff.

88. The Defendants are currently undertaking active efforts to place their assets out of the reach of Plaintiff.

89. The Defendants have real property listed for sale in Iowa. On information and belief, Defendants intend to transfer or sell their real property and other assets across the United States, including the Properties (as defined below).

90. Defendant South Bend is the owner of the following 27 real properties located in this county ("**Properties**"):

- 1602 N Fremont, South Bend, IN 46628;
- 1605 N Olive, South Bend, IN 46628;
- 1733 Huey, South Bend, IN 46628;
- 1601 College, South Bend, IN 46628;
- 1625 Wilbur, South Bend, IN 46628;
- 1013 Bryan, South Bend, IN 46616;
- 1125 Roosevelt, South Bend, IN 46616;
- 1509 Medora, South Bend, IN 46628;
- 1502 Medora, South Bend, IN 46628;
- 1414 Medora, South Bend, IN 46628;
- 1329 King, South Bend, IN 46616;
- 1315 N Kaley St, South Bend, IN 46628;
- 1252 Fremont, South Bend, IN 46628;
- 126 Edison, South Bend, IN 46619;
- 126 Sheridan, South Bend, IN 46619;
- 737 Edison, South Bend, IN 46619;
- 717 S Sheridan, South Bend, IN 46619;
- 509 Chicago, South Bend, IN 46619;
- 742 Falcon, South Bend, IN 46619;

- 3305 Dunham, South Bend, IN 46619;
- 446 Phillipa, South Bend, IN 46619;
- 1712 Chapin, South Bend, IN 46613;
- 1832 Nash, South Bend, IN 46613;
- 3619 Woldhaven, South Bend, IN 46614;
- 613 E Mishawaka Ave, Mishawaka, IN 46545;
- 1341 Calvert, South Bend, IN 46613; and,
- 1637 Ewing, South Bend, IN 46613.

91. Based on Defendants actions in dissipating their assets, it is likely that South Bend will sell all of its properties in this county to prevent Plaintiff from recovering any of his money.

92. The Defendants collectively, by virtue of operating as the alter-ego of each other, are the owner of the Properties.

93. Defendants are undertaking these actions to dispose, dissipate, or otherwise conceal their assets with the actual or constructive intent of delaying or hindering Plaintiff's efforts to collect pursuant to the Settlement Agreement.

94. Defendants are undertaking these actions at the risk of their own insolvency.

95. Plaintiff is, accordingly, entitled to injunctive and/or equitable relief to preserve its ability to collect from Defendants upon the conclusion of this action.

**COUNT VI - PRE-JUDGMENT ATTACHMENT
PURSUANT TO INDIANA CODE § 34-25-2-1 AND TRIAL RULE 64(B)**

**(Against All Defendants)**

96. Plaintiff restates the above paragraphs as though fully set forth herein.

97. Defendants are foreign corporations, operating and existing under the laws of the State of Washington.

98. Defendants are about to dispose of the Properties titled in the name of Defendant South Bend, and has taken steps to dispose, in whole or in part, of other properties held by Defendants in other states by listing and marketing those properties as for sale.

99. Defendants are about to or will convert the Properties, or part thereof, to money for the purpose of placing it beyond the reach of creditors, including Plaintiff.

100. Defendants are attempting to dispose of the Properties with the intent to defraud creditors, including Plaintiff.

101. The Properties within St. Joseph County, Indiana are not exempt from execution.

102. Defendants have refused to pay or otherwise secure the debt due to Plaintiff.

103. The debt owed by Defendants to Plaintiff was incurred under fraud, false pretenses, and misrepresentations made by Defendants to Plaintiff.

104. The total amount due and owing by Defendants to Plaintiff is the principal Loan amount of Thirty Million USD ($30,000,000), plus interest accrued, costs and attorneys' fees.

105. The Properties are currently valued by the St. Joseph County tax assessors' office as $1,352,000.00 total. Plaintiff is informed and believes the assessed value for the Property reflects an approximate total value of the Properties.

106. Plaintiff is entitled to pre-judgment attachment pursuant to Indiana Code § 34-25-2-1, et. seq. and and Trial Rule 64(B) and seeks a Writ of Attachment from this Court, directed to the St. Joseph County Sheriff's Office.

107. Concurrently herewith, Plaintiff is filing, among other things, a Motion for Emergency Pre-Judgment Attachment.

**COUNT VII – REQUEST FOR APPOINTMENT OF RECEIVER**

**(Against All Defendants)**

108. Plaintiff restates the above paragraphs as though fully set forth herein.

109. The Properties are not occupied by any of Defendants as their principal residence.

110. All or a portion of the Properties are being or are intended to be, leased to third parties.

111.    The Defendants currently owe a debt to Plaintiff.

112.    Defendants are about to dispose of the Properties titled in the name of Defendant South Bend, and has taken steps to dispose, in whole or in part, of other properties held by Defendants in other states by listing and marketing those properties as for sale.

113.    Upon information and belief Defendants, through South Bend, are receiving rental payments and/or cash.

114.    The Properties, related rents, and other profits and proceeds thereof are in danger of being lost and/or removed by Defendants.

115.    Accordingly, Plaintiff requests the Court institute a receivership over the Properties and the rental income and other proceeds therefrom, pursuant to Indiana Code § 32-30-5-1 *et seq*. and any other applicable law.

## JURY TRIAL DEMAND

116.    Plaintiff hereby demands a trial by jury for all issues that may be triable by jury in this action.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief from the Court:

A.    For temporary injunctive relief prohibiting Defendants from transferring, selling, alienating, or otherwise encumbering their assets pending the determination of this action, pursuant to Indiana Codes §§ 34-26-1-5 and 34-26-1-61;

B.    For compensatory damages in an amount to be proven at trial, but not less than $30,000,000, plus accrued interest;

C.    For treble damages in an amount of not less than $90,000,000, plus accrued interest;

D.    For costs and attorney's fees as allowed by any applicable provisions of law;

E. For pre-judgment attachment to the Properties described herein and for a Writ of Attachment to issue to the St. Joseph County Sheriff's Office;

F. For entry of an order appointing a receiver to take possession of the Properties and all other assets of Defendants including all profits and proceeds from the Properties now existing or hereafter generated by the Properties; and,

G. For any other such relief as this Court shall determine is just and proper.

Respectfully submitted,

/s/ Weston E. Overturf[2]

Weston E. Overturf, Attorney No. 27281-49
KROGER REGAS & GARDIS LLP
111 Monument Circle Suite 900
Indianapolis, IN 46204
Tel: (317) 777-7443
woverturf@kgrlaw.com

Tara E. Holterhaus, (*pro hac vice* to be filed)
13815 FNB Parkway, Suite 200
Omaha, Nebraska 68154
Telephone: 402-501-6770
Fax: 402-965-8601
Email: tholterhaus@spencerfane.com

Brian Zimmerman (*pro hac vice* to be filed)
3040 Post Oak Boulevard, Suite 1400
Houston, TX 77056
Telephone: 713-212-2651
Fax: 713-963-0859
Email: bzimmerman@spencerfane.com

***Attorneys for Plaintiff***
***Yonggang Li***

[2] The verification is the following two pages together with the Mandarin Certificate.

**VERIFICATION**

STATE OF ________________

COUNTY OF ______________

I, Yonggang Li, being first duly sworn on my oath, do depose and state that I am the Plaintiff in the above-captioned action, that I have read the above and foregoing Petition, or that the above and foregoing Petition was translated for my understanding and verification, that I understand the contents thereof and that the statements, facts and allegations contained therein are true and correct as I verily believe. Further, that I have executed this document as my free and voluntary act and free of any and all undue pressure, coercion, or influence.

李永刚
______________________
Yonggang Li

USDC IN/ND case 3:23-cv-00939-DRL-MGG document 3 filed 08/31/23 page 19 of 20

**确认**

的状态 ________________

________________ 县

我，李永刚，首先正式宣誓，宣誓并声明我是上述诉讼中的原告，我已阅读上述和上述请愿书，或者上述和上述请愿书是为我的翻译而翻译的。理解和核实，我理解其中的内容，并且其中所包含的陈述、事实和指控是我确信的真实和正确的。此外，我签署本文件是出于我的自由和自愿行为，没有受到任何和所有不当压力、胁迫或影响。

李永刚

李永刚_

State Court Filings 019

# Certificate of Achievement

This is to certify that

**BOMING CHEN**

has successfully completed the requirements for the Indiana Court Interpreter Certification Program and is hereby deemed by the Indiana Supreme Court to be a Certified Interpreter in Mandarin for the State of Indiana.

Presented this 21st day of November 2017.

Chief Justice Loretta H. Rush
Indiana Supreme Court

Hon. Myra C. Selby, Chair
Commission on Race and Gender Fairness

