# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| YONGGANG LI,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LONGVIEW CAPITAL HOLDINGS, LLC; LONGVIEW CAPITAL SVH, LLC; LONGVIEW CAPITAL SVH GP LLC; and SOUTH BEND HOMES LLC,<br><br>　　　　Defendants. | Case No. 3:23-cv-00939-DRL-MGG |

## JOINT REPORT OF THE PARTIES

COME NOW the Plaintiff, Yonggang Li ("Plaintiff") and Defendants Longview Capital Holdings, LLC; Longview Capital SVH, LLC; Longview Capital SVH GP LLC; and South Bend Homes LLC, (collectively, "Defendants"), by and through their respective counsel, and hereby advise the Court that they have met and conferred respecting the discrete topics discussed during the November 3, 2023 Zoom Status Conference and, pursuant to those discussions, hereby submit the Joint Report of the Parties in accordance with Doc. No. 11, to advise the Court of the following:

### I.　Service of Process of Complaint and Scheduling of Briefing

Plaintiff's counsel has agreed to effectuate service of process on all Defendants on or before November 13, 2023, and counsel for the Defendants have agreed to accept service of process of the Complaint on behalf of all Defendants. In consideration of this agreement, the Parties agree that Doc. No. 8, entitled "Motion for Authority to Serve via Electronic Mail or in the Alternative to Serve through Secretary of State," is hereby deemed to be MOOT, and may be stricken.

Provided Defendants are deemed to have been served with the Complaint by Plaintiff on or before November 13, 2023, in further consideration of the foregoing agreement to accept service and as agreed, the Parties propose the following schedule in this matter respecting Defendants' anticipated Motion to Dismiss, as deemed to include their brief in support thereof:

1. Defendants shall file their Motion to Dismiss on or before November 28, 2023;
2. Plaintiff shall file its Response to Defendants' Motion to Dismiss on or before December 19, 2023; and
3. Defendants shall Reply to Plaintiff's Response to Defendants' Motion to Dismiss on or before January 5, 2024.

With regard to those motions filed by Plaintiff prior to the removal of this matter from the Indiana Commercial Court ("State Court") to this Court, and which have been designated herein as Doc. No. 4 – Motion for Temporary Injunction; Doc. No. 5 – Motion for Appointment of a Receiver; and Doc. No 6 – Motion for Emergency Prejudgment Writ of Attachment (the "Outstanding Motions,"), the Parties have further agreed to and propose the following briefing schedule:

1. Defendants shall file Responses to the respective Outstanding Motions on or before December 19, 2023; and
2. Plaintiff shall file his Replies to Defendants' Responses to the Outstanding Motions on or before January 5, 2024.

## II.     Removal and Subject Matter Jurisdiction

### A. Defendants' Position

**1.     This Action was Properly Removed to this Court.**

Defendants have removed this matter pursuant to 9 U.S.C. § 205, quoted below in full:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.

9 U.S.C. § 205 (Chapter Two of the Federal Arbitration Act (the "FAA")).

There can be no credible dispute as to whether this action was properly removed to this Court under 9 U.S.C. § 205, because the subject matter of the dispute indisputably "relates to" an international arbitration agreement contained in the Settlement Agreement under which Plaintiff here claims for relief, and falling under the New York Convention on the Recognition and Enforcement of International Arbitral Awards. In fact, the Plaintiff herein has already commenced international arbitration proceedings concerning the subject matter of this dispute under the arbitration agreement contained in the Settlement Agreement and under the administration of the Singapore International Arbitration Centre. *See* Notice of Arbitration dated July 21, 2023, *attached as* Exhibit A to the Declaration by Counsel Timothy J. McCarthy in Support of Joint Report of the Parties, **Exhibit "1**,**"** *passim*; *see also, e.g.*, *Wilson v. Deutsche Bank AG*, 2005 U.S. Dist. LEXIS 30959, *11 (N.D. Ill. 2005) (in providing for removal of any action that "relates to" an international arbitration agreement, "Congress intended to allow removal whenever the

3

arbitration clause could conceivably impact the disposition of the case …. Easy removal is exactly what Congress intended in § 205.") (internal citation and quotation omitted).  This is moreover the proper venue for removal under 9 U.S.C. § 205 because this Court is located in the "district and division" within which Plaintiff filed his State Court action.  Accordingly, this action is and remains facially removable to this Court under 9 U.S.C. § 205.  To the extent that Plaintiff might endeavor to contest this proposition, the appropriate mode of doing so is by way of a motion to remand under 9 U.S.C. § 1447(c), upon which the parties may address and the Court may consider any asserted grounds upon which to depart from the clear language of 9 U.S.C. § 205.

      **2.**      **Under Seventh Circuit Law, This Court Has Subject-Matter Jurisdiction over the Case.**

At the status conference on November 3, 2023, the undersigned counsel to Defendants noted that there has been some question in federal precedent as to the question of whether the scope of the grant of jurisdiction contained in 9 U.S.C. § 203 is co-extensive with the scope of removability under 9 U.S.C. § 205, such that, under the specialized jurisdictional and removal regime governing actions relating to international arbitration agreements pursuant to the FAA and the New York Convention, there might be a sub-set of cases that are properly removable under 9 U.S.C. § 205 and at the same time subject to dismissal for lack of subject-matter jurisdiction under 9 U.S.C. § 203.  *See, e.g., Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.3d 1131, 1138-40 (9th Cir. 2022) (discussing cases from sister Circuits).  The Court inquired as to whether such a position could be maintained under Seventh Circuit law, and instructed counsel to Defendants to run the question finally to ground and provide this statement of the governing Seventh Circuit law.

Upon completion of that review, it is apparent that Seventh Circuit law on the point is in fact consistent with that of the other Circuits that have held that the scope of the grant of

4

jurisdiction contained in 9 U.S.C. § 203 is co-extensive with the scope of removability under 9 U.S.C. § 205, such that every case (like the case at bar) that is removable under 9 U.S.C. § 205 is also within the Court's subject-matter jurisdiction under 9 U.S.C. § 203. *See Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, 500 F.3d 571, 581 n.9 (7th Cir. 2007) (While the Court "cannot accept the suggestion that we treat a case falling under the Convention as we would treat any domestic case under the FAA," "[t]here is an independent grant of federal subject matter jurisdiction in the legislation implementing the Convention, 9 U.S.C. § 203[.]"); *Jain v. de Mere*, 51 F.3d 686, 689 (7th Cir. 1995) (in case in which, like the case now at bar, diversity jurisdiction was absent because both parties were foreign, subject matter jurisdiction was nevertheless present under 9 U.S.C. § 203); *see also, e.g.*, *Felland v. Clifton*, 2013 U.S. Dist. LEXIS 100197, *11-12, *33-35 (W.D. Wis. 2013) (treating 9 U.S.C. §§ 203 and 205 as co-extensive and as a single grant of jurisdiction, finding subject-matter jurisdiction, denying motion to remand and staying proceeding pending arbitration); *Wilson*, 2005 U.S. Dist. LEXIS 30959 at *12 (denying motion to remand).

Finally, to the extent to which Plaintiff contests this proposition, upon the difficult foregoing question of subject-matter jurisdiction, this issue as well should properly be addressed by way of a motion for remand under 9 U.S.C. § 1447(c), upon which the issue may be properly briefed and heard, alongside the issue of personal jurisdiction to be briefed upon Defendants' dismissal motion. *See*, *e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88, 119 S.Ct. 1563, 1572, L.Ed.2d 760, 773 (1999) (reversing; where district court has before it a difficult question of subject-matter jurisdiction and a straightforward question of personal jurisdiction, court may turn directly to dispositive question of personal jurisdiction).

5

### B. Plaintiff's Position

1.  **This Action was Not Properly Removed to this Court and should be remanded**[1]

Plaintiff agrees that Defendants are seeking to remove this matter under 9 U.S.C. § 205 and that to the extent that there is a binding arbitration agreement which falls under the New York Convention on the Recognition and Enforcement of International Arbitral Awards, Defendants could remove this matter.

Defendants assert that "the subject matter of the dispute indisputably 'relates to' an international arbitration agreement contained in the Settlement Agreement under which Plaintiff here claims for relief…" However, what Defendants ignore is that the language in the Settlement Agreement does not compel Plaintiff to arbitrate. Specifically, Section 14 of the Settlement Agreement, a copy of which is attached to the Complaint as Exhibit 8 and hereto as **Exhibit "2"** for ease of reference, provides as follows:

> 14. Dispute Resolution. Any dispute arising out of or in connection with this Agreement, including any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration administered by the Singapore International Arbitration Centre in accordance with the Arbitration Rules of the Singapore International Arbitration Centre for the time being in force, which rules are deemed to be incorporated by reference in this Clause 14. The seat of arbitration shall be Singapore. The language of the arbitration shall be English. The Tribunal shall consist of a sole arbitrator.
>
> Despite the foregoing provisions in this Clause 14, the Lender may at its sole option (and regardless of whether Lender is a claimant or respondent) submit a dispute arising out of or in connection with this Agreement to any court of competent jurisdiction, which will have non-exclusive jurisdiction to determine the dispute. This clause is for the benefit of the Lender. If the Borrower and/or the Guarantor have already commenced arbitration proceedings in relation to a dispute before the Lender has commenced court proceedings, it is agreed that, on the demand of the Lender (which demand must be made within 60 calendar days of any request for arbitration initiating the arbitration), the arbitration proceedings shall be discontinued within 7 calendar days after the Lender has commenced court proceedings in respect of the dispute. It is agreed that upon commencement of the court proceedings by the Lender, any arbitral tribunal already appointed, or to be appointed, will have no jurisdiction in respect of the dispute.

---

[1] Defendants assert that in the event that Plaintiff contests whether this matter was properly removed, "the appropriate mode of doing so is by way of a motion to remand under 9 U.S.C. § 1447(c)", however, based on the Court's comments at the November 3, 2023 status conference, Plaintiff understood that the Court would make a determination as to whether this matter should be remanded on its own accord and without the need to file a motion to remand.

As a result, based on the plain language of the Settlement Agreement, here Plaintiff (the "Lender" in the Settlement Agreement), "may at its sole option… submit a dispute arising out of or in connection with this [Settlement] Agreement to any court of competent jurisdiction".  Stated differently, Plaintiff has the option to either arbitrate or litigate and therefore the agreement does not compel Plaintiff to arbitration, and because Plaintiff chose to litigate, Plaintiff cannot be compelled to arbitrate its claims against Defendants, and removal is therefore improper.

Furthermore, the Notice of Arbitration dated July 21, 2023, which Defendants attach hereto as Exhibit A to the Declaration by Counsel Timothy J. McCarthy in Support of Joint Report of the Parties, clearly reflects that the arbitration only involves James Fu Bin Lu ("Mr. Lu") and not any of Defendants in this matter.  As a result, the pending arbitration does not "relate to" this matter because the outcome of the arbitration could not conceivably affect the outcome of Plaintiff's case against Defendants.  *See Cerner Middle E. Ltd. v. Belbadi Enterprises LLC*, 939 F.3d 1009, 1014 (9th Cir. 2019) citing *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.*, 631 F.3d 1133 (9th Cir. 2011) (holding that "an action is properly removed if the agreement or award 'could conceivably affect that outcome of plaintiff's case' ".)

Because Mr. Lu is not a party in this matter and because the other party that executed the Settlement Agreement, Longview Capital Holdings LLC, is not a party to the arbitration, this matter does not fall under the purview of 9 U.S.C. § 205, and removal was improper and this matter should be remanded.

7

WHEREFORE, the Parties provide this their Joint Status Report to the Court and respectfully request that the Court enter a scheduling order consistent with the foregoing agreement, and/or that the Court schedule a subsequent status conference in order to address the items set forth herein, and for such other and further relief deemed just and proper in the premises.

Dated:  November 10, 2023

Respectfully Submitted,

*/s/ Weston E. Overturf*
Weston E. Overturf (IN Bar # 27281-49)
KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN  46204
317-777-7443
woverturf@kgrlaw.com

*/s/ Natasha A. Burkett*
Natasha A. Burkett (IN Bar # 28842-64)
Timothy McCarthy (TX Bar # 24123750)
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL  60606
Phone:  312-627-2530 / 214-698-7857
nburkett@dykema.com
tmccarthy@dykema.com

## **CERTIFICATE OF SERVICE**

I, Natasha Burkett, certify that on November 10, 2023, I caused the **Joint Report of the Parties** to be electronically filed with the Clerk of Court using the ECF system, and that a copy of the filing was transmitted via *electronic* mail to counsel that appeared in the Indiana State Court action and to other parties of interest, at each party's respective email address, as set forth below.

Weston E. Overturf & Anthony T. Carreri
KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN  46204
woverturf@kgrlaw.com
acarreri@kgrlaw.com

Tara E. Holterhaus
13815 FNB Parkway, Suite 200
Omaha, Nebraska  68154
tholterhaus@spencerfane.com

Brian Zimmerman
3040 Post Oak Boulevard, Suite 1400
Houston, TX  77056
bzimmerman@spencerfane.com

*/s/ Natasha A. Burkett*
Natasha A. Burkett

8