UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

YONGGANG LI,

        Plaintiff,

   v.                                     CAUSE NO. 3:23-CV-939 DRL-MGG

LONGVIEW CAPITAL HOLDINGS, LLC
*et al.*,

        Defendants.

## OPINION AND ORDER

Yonggang Li sued Longview Capital Holdings, LLC (LCH) in state court for breach of contract and fraud. Mr. Li alleges he loaned LCH ¥190 million (renminbi, China's currency, or about $30 million), with James Fu Bin Lu, a prominent Chinese-American businessman and current chairman of the online LGBTQ dating platform, Grindr, as guarantor. Amendments to the loan agreement were unavailing in securing repayment. These three parties thus executed a settlement agreement in May 2023.

Mr. Li claims that LCH breached the settlement agreement and then commenced a process of concealing assets, aside from commingling assets with three other companies (Longview Capital SVH, LLC; Longview Capital SVH GP LLC; and South Bend Homes LLC)—all of which share in some measure either direct or indirect ownership by Mr. Lu. Mr. Li filed several motions in state court seeking to halt the disposal of these companies' assets, particularly 27 properties owned in title by South Bend Homes LLC, and to appoint a receiver for asset management and rent collection.

The companies collectively removed the case under 9 U.S.C. § 205 and 28 U.S.C. § 1441. Because of the injunctive request, the court held a status conference on November 3 and ordered a joint report from the parties either to establish or to debunk subject matter jurisdiction, particularly given remarks at the hearing by the companies that, though they had removed, they remained uncertain whether the court

actually had subject matter jurisdiction. The parties filed their joint report. Shortly thereafter, Mr. Li filed a motion to remand. The defendants filed a motion to dismiss. The court now grants remand.

A case may be removed when its subject matter "relates to an arbitration agreement or award falling under the Convention [on the Recognition and Enforcement of Foreign Arbitral Awards]." 9 U.S.C. § 205. The defendants argue that the settlement agreement contains an arbitration provision falling under the Convention, so this court has jurisdiction:

> Any dispute arising out of or in connection with this Agreement, including any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration administered by the Singapore International Arbitration Centre… Despite the foregoing provisions in the Clause 14, the Lender may at its sole option (and regardless of whether Lender is a claimant or respondent) submit a dispute arising out of or in connection with this Agreement to any court of competent jurisdiction, which will have non-exclusive jurisdiction to determine the dispute. . . . It is agreed that upon commencement of the court proceedings by the Lender, any arbitral tribunal already appointed, or to be appointed, will have no jurisdiction in respect of the dispute.

Because the defendants seek removal, they bear the burden of showing it is appropriate. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012).

There are two problems with removal. First, Congress designed the Federal Arbitration Act to facilitate international arbitration by providing two causes of action in federal court: "an action to compel arbitration pursuant to an arbitration agreement falling under the Convention, and an action to confirm an arbitration award made pursuant to an agreement falling under the Convention." *Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1291 (11th Cir. 2004) (citations omitted); *see also* 9 U.S.C. §§ 206, 207. This lawsuit involves neither purpose. Indeed, the defendants concede as much. They are not asking to compel arbitration or to confirm an award, nor is or will be Mr. Li.

The parties specifically agreed that if Mr. Li (the lender) initiated litigation, any arbitral tribunal would have no jurisdiction over the dispute. These contract and fraud claims will not be arbitrated because Mr. Li chose to litigate in court. In truth, this suit relates to an agreement to permit Mr. Li to select a judicial forum rather than relates to some plainly inoperative option to arbitrate. The court won't distort the agreement to fit within § 205's plain meaning. "Arbitration under the Act is a matter of

2

consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit." *Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 479 (1989). The court won't "override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). LCH agreed no arbitration was required at Mr. Li's election, and he elected a judicial forum.[1]

Second, though the words "relate to" must be read expansively, *see Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1760 (2018); *Coventry Health Care of Mo., Inc. v. Nevils*, 581 U.S. 87, 95-96 (2017); *Sphere Drake Ins. Ltd. v. All Am. Ins. Co.*, 256 F.3d 587, 590 (7th Cir. 2001), these words cannot be read as limitlessly as the defendants invite. To put a finer point on this, the arbitration provision has no conceivable effect on the outcome here. *See Reid v. Doe Run Res. Corp.*, 701 F.3d 840, 843-44 (8th Cir. 2012) (adopting this standard); *see also Cerner Middle East Ltd. v. Belbadi Enters. LLC*, 939 F.3d 1009, 1014-15 (9th Cir. 2019) (same); *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) (same); *Wilson v. Deutsche Bank AG*, 2005 U.S. Dist. LEXIS 30959, 11 (N.D. Ill. Nov. 30, 2005) (same). Again, the defendants never say the claims here must be arbitrated and instead concede that they aren't seeking this remedy.

Jurisdiction exists too "over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense," *Beiser*, 284 F.3d at 669, but the defendants also offer no conceivable argument that the arbitration provision offers any defense. They say Mr. Li has commenced and pursued arbitration already, but that arbitration involves different claims and different parties—Mr. Li and Mr. Lu, but not these companies. The subject matter isn't identical. It might be said that the worldwide injunction against Mr. Lu relates to this proceeding because it forbids him from dumping his assets or diminishing their value, whether in his name or not, and whether solely or jointly owned; but that injunction comes not from arbitration but a Hong Kong court.

---

[1] None of the other LLCs is a party to the settlement agreement or assert today a right to arbitration.

3

The defendants also have not articulated a conceivable link between a collateral estoppel defense or other preclusive doctrine based on this arbitration between other parties—not even an inkling of what issue decided (or likely decidable) there that might imaginably be preclusive here. That silence is deafening to their position. And they have the burden. Collateral estoppel requires that the issue sought to be precluded is the same as that involved in the other proceeding (aside from being actually litigated and other requirements). *See Havoco of Am. v. Freeman, Atkins & Coleman*, 58 F.3d 303, 307 (7th Cir. 1995). The court won't take a mere passing allusion to "collateral estoppel" as a developed argument for saying the arbitration conceivably could have an effect here—and thereby a basis for removal. *See Cerner*, 939 F.3d at 1015 (ordering remand when arbitration involved different claims and parties).

The defendants filed a motion to dismiss asserting other defenses. A decision on personal jurisdiction over these three companies has nothing to do with an arbitration agreement or the arbitration against only Mr. Lu. A decision on *forum non conveniens* has nothing to do with an arbitration agreement or an arbitration given that Mr. Li had the right, and exercised the right, to select a judicial forum rather than to arbitrate. A decision here on whether to abstain because of a separate international judicial action in Hong Kong against Mr. Lu has nothing to do with arbitration. Abstention, as argued, would consider the Hong Kong judicial action but not the separate arbitration in Singapore. The arbitration likewise has no bearing on a decision on whether certain state law claims have been plausibly pleaded.

Though § 205's language remains broad and establishes a "low bar" for removal, *Beiser,* 284 F.3d at 669, one designed to facilitate easy removal, *Wilson*, 2005 U.S. Dist. LEXIS 30959 at 11, "[w]ithout a meaningful limit, a defendant could obtain federal jurisdiction anytime it is a party to an arbitration agreement falling under the Convention, regardless of whether the arbitration provision has anything to do with the issues raised in the state court lawsuit." *HSC Holdings v. Hughes*, 2012 U.S. Dist. LEXIS 133114, 9 (S.D. Tex. Sept. 18, 2012) (remanding case); *see also Cerner*, 939 F.3d at 1015-16 (reversing jurisdiction under § 205 and remanding). Section 205 isn't as vast a wormhole to federal court as the

4

defendants advance today—not when they offer no conceivable relation to an arbitration agreement or effect on this litigation because of a separate arbitration proceeding.

Mr. Li expressly retained the right to select a judicial forum rather than to arbitrate against LCH. He did so. He likewise could sue the other three companies in court, and without regard to any arbitration provision. The easier course today is to address the court's lack of subject matter jurisdiction and to remand rather than to address any other perceived defense. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999).

Accordingly, the court GRANTS the motion to remand [13], DENIES AS MOOT the motion to dismiss [14], and REMANDS this case to the Indiana Commercial Court of St. Joseph County for further proceedings.

SO ORDERED.

December 15, 2023                    *s/ Damon R. Leichty*
                                     Judge, United States District Court